Kenneth J. Medel, Esq., SBN 89680
Christopher M. Freistedt, Esq., SBN 167697
THE MEDEL LAW FIRM
110 West C Street, Suite 1515
San Diego, CA 92101
Telephone: (619) 702-0750
Facsimile: (619) 702-0755

Attorneys for Defendant, FOUNDERS OF ARENA GROUP 2000 CORPORATION dba SAN
DIEGO SPORTS ARENA and ARENA GROUP 2000, L.P., a
California corporation

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAKTRONICS, INC., a South Dakota corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>FOUNDERS OF ARENA GROUP 2000 CORPORATION dba SAN DIEGO SPORTS ARENA and ARENA GROUP 2000, L.P., a California corporation,<br><br>        Defendants. | Case No.: 08 CV 0356 J RBB<br><br>ANSWER BY DEFENDANTS FOUNDERS OF ARENA GROUP 2000 CORPORATION dba SAN DIEGO SPORTS ARENA AND ARENA GROUP 2000, L.P. TO COMPLAINT FOR DAMAGES<br><br><br>Magistrate Judge:   Ruben B. Brooks<br>Courtroom:         B<br>Trial Date:         None |

      Defendants Founders of Arena Group 2000 Corporation dba San Diego Sports Arena and Arena Group 2000, L.P., a California Corporation (hereinafter "Defendants") hereby answer the allegations contained in the Complaint for Damages filed against them by Daktronics, Inc., a South Dakota Corporation as follows:

## ANSWER JURISDICTION AND VENUE ALLEGATIONS

1.      Defendants admit the allegations of paragraph One for the record.

2.      Defendants admit the allegations of paragraph Two for the record.

3.      Defendants admit the allegations of paragraph Three for the record.

1

4.      Defendants admit the allegations of paragraph Four for the record.

5.      Defendants admit that some of the conduct giving rise to this civil action occurred in the County of San Diego, State of California as alleged in paragraph Five, but are without sufficient information or knowledge to form a belief as to where other conduct giving rise to this civil action took place, and therefore, must deny that all of the conduct took place in San Diego County.

## ANSWER TO GENERAL ALLEGATIONS

6.      Defendants admit the allegations of paragraph Six for the record.

7.      Defendants admit the allegations of paragraph Seven for the record.

8.      Defendants admit the allegations of paragraph Eight for the record.

9.      Defendants admit the allegations of paragraph Nine for the record.

10.     Answering paragraph Ten, Defendants admit that some of their payments have been made past that precise date on which they were due under the terms of the Sales Agreement and Change Orders (hereinafter "the Contract"). Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

11.     Defendants deny each and every allegation contained in paragraph Eleven.

12.     Defendants deny each and every allegation contained in paragraph Twelve.

13.     Defendants deny each and every allegation contained in paragraph Thirteen.

14.     Defendants admit that at the time of this Answer, there are still seven (7) quarterly payments owing under the Contract. Except as so admitted, Defendants deny each and every allegation contained in paragraph Fourteen.

## ANSWER TO FIRST CAUSE OF ACTION

## FOR BREACH OF CONTRACT

15.     Defendants hereby repeat and incorporate by reference paragraphs 1 through 14 inclusive, of the Answer as if set forth fully herein.

16.     Defendants admit the allegations of paragraph Sixteen.

17.     Defendants admit the allegations of paragraph Seventeen.

18.     Lacking sufficient information and knowledge to form a belief at this time,

2

1  Defendants deny each and every allegation contained in paragraph Eighteen.

2      19.     Defendants deny the allegations of paragraph Nineteen.

3      20.     Defendants deny the allegations of paragraph Twenty.

4      21.     Defendants deny the allegations of paragraph Twenty-one.

5  **ANSWER TO SECOND CAUSE OF ACTION**

6  **FOR BREACH OF CONTRACT –**

7  **ACCELERATON OF ADDITIONAL PAYMENTS**

8      22.     Defendants hereby repeat and incorporate by reference paragraphs 1 through 21

9  inclusive, of the Answer as if set forth fully herein.

10      23.     Defendants admit the allegations of paragraph Twenty-three.

11      24.     Defendants deny the allegations of paragraph Twenty-four.

12      25.     Defendants deny the allegations of paragraph Twenty-five.

13      26.     Defendants deny the allegations of paragraph Twenty-six.

14  **ANSWER TO SECOND CAUSE OF ACTION**

15  **UNJUST ENRICHMENT**

16      27.     Defendants hereby repeat and incorporate by reference paragraphs 1 through 26

17  inclusive, of the Answer as if set forth fully herein.

18      28.     Defendants deny the allegations of paragraph Twenty-eight.

19      29.     Defendants admit that Daktronics, Inc. did confer on them a substantial benefit.

20  Except as admitted, Defendants deny each and every allegation of paragraph Twenty-nine.

21      30.     Defendants deny each and every allegation of paragraph Thirty.

22      31.     Pursuant to F.R.C.P. 8(c), these answering Defendants assert the following

23  affirmative Defenses:

24  **FIRST AFFIRMATIVE DEFENSE**

25      32.     For a Separate and Affirmative Defense to the Complaint and each Cause of

26  Action asserted therein, these answering Defendants allege that plaintiff fails to state facts

27  sufficient to constitute the causes of action asserted against these answering Defendants.

28  / / /

3

## SECOND AFFIRMATIVE DEFENSE

33.    For a Separate and Affirmative Defense to the Complaint and each Cause of Action asserted therein, these answering Defendants allege that plaintiff's claims are barred by reason of the fact that plaintiff has failed to exhaust all administrative remedies and comply with all the necessary prerequisites to the filing of this civil action.

## THIRD AFFIRMATIVE DEFENSE

34.    For a Separate and Affirmative Defense to the Complaint and each Cause of Action asserted therein, these answering Defendants are informed and believe and thereon allege that the claim is barred because it did not comply with the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

35.    For a Separate and Affirmative Defense to the Complaint and each Cause of Action asserted therein, these answering Defendants allege that plaintiff has failed to state facts sufficient to justify the award of any statutory damages, or damages of any kind.

## FIFTH AFFIRMATIVE DEFENSE

36.    For a Separate and Affirmative Defense to the Complaint and each Cause of Action asserted therein, these answering Defendants allege that plaintiff's claims are barred due to accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

37.    For a Separate and Affirmative Defense to the Complaint and each Cause of Action asserted therein, these answering Defendants allege that plaintiff's claims are barred due to waiver.

## SEVENTH AFFIRMATIVE DEFENSE

38.    For a Separate and Affirmative Defense to the Complaint and each Cause of Action asserted therein, these answering Defendants allege that plaintiff's claims are barred due to estoppel.

/ / /

/ / /

4

1

**EIGHTH AFFIRMATIVE DEFENSE**

2      39.      For a Separate and Affirmative Defense to the Complaint and each Cause of

3  Action asserted therein, these answering Defendants allege that plaintiff's claims are barred

4  due to failure of consideration.

5

**NINTH AFFIRMATIVE DEFENSE**

6      40.      For a Separate and Affirmative Defense to the Complaint and each Cause of

7  Action asserted therein, these answering Defendants allege that plaintiff's claims are barred

8  due to illegality.

9

**TENTH AFFIRMATIVE DEFENSE**

10      41.      For a Separate and Affirmative Defense to the Complaint and each Cause of

11  Action asserted therein, these answering Defendants allege that plaintiff's claims are barred

12  due to the doctrine of laches.

13

**ELEVENTH AFFIRMATIVE DEFENSE**

14      42.      For a Separate and Affirmative Defense to the Complaint and each Cause of

15  Action asserted therein, these answering Defendants allege that plaintiff's claims are barred

16  due to the fact that any payment owed at the time of filing of the Complaint was tendered by

17  Defendants and accepted by Plaintiff thus rendering all of the claims in the Complaint moot

18  and without legal basis.

19

**TWELFTH AFFIRMATIVE DEFENSE**

20      43.      For a Separate and Affirmative Defense to the Complaint and each Cause of

21  Action asserted therein, these answering Defendants allege that plaintiff's claims are barred by

22  reason of the statute of frauds.

23

**THIRTEENTH AFFIRMATIVE DEFENSE**

24      44.      For a Separate and Affirmative Defense to the Complaint and each Cause of

25  Action asserted therein, these answering Defendants allege that plaintiff's claims are barred by

26  reason that plaintiff failed to mitigate damages.

27  / / /

28  / / /

WHEREFORE, these answering Defendants pray as follows:

1.    That Plaintiff Daktronics, Inc. should take nothing by its Complaint, that judgment be rendered in favor of defendants;

2.    That defendants be awarded their costs of suit and attorneys' fees incurred in defense of this action; and

3.    For such other relief as the Court deems proper.

Dated:    3/24/08                                    THE MEDEL LAW FIRM


/ S /
_____
Kenneth J. Medel, Esq.
Christopher M. Freistedt, Esq.
Attorneys for Defendant,
FOUNDERS OF ARENA GROUP 2000
CORPORATION dba SAN DIEGO SPORTS
ARENA and ARENA GROUP 2000, L.P., a
California corporation

6

Kenneth J. Medel, Esq., SBN 89680
Christopher M. Freistedt, Esq., SBN 167697
THE MEDEL LAW FIRM
110 West C Street, Suite 1515
San Diego, CA 92101
Telephone: (619) 702-0750
Facsimile: (619) 702-0755

Attorneys for Defendant, FOUNDERS OF ARENA GROUP 2000

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAKTRONICS, INC., a South Dakota corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FOUNDERS OF ARENA GROUP 2000 CORPORATION dba SAN DIEGO SPORTS ARENA and ARENA GROUP 2000, L.P., a California corporation,<br><br>　　　　　Defendants. | Case No.: 08 CV 0356 J RBB<br><br>PROOF OF SERVICE |

I, Jeannie Colburn, do hereby state:

I am a citizen of the United States and a resident of the County of San Diego, State of California. I am over the age of eighteen years, and am not a party to the within action. My business address is 110 West C Street, Suite 1515, San Diego, California 92101.

On this 24th day of March, 2008, I served the ANSWER BY DEFENDANTS FOUNDERS OF ARENA GROUP 2000 CORPORATION dba SAN DIEGO SPORTS ARENA AND ARENA GROUP 2000, L.P. TO COMPLAINT FOR DAMAGES in Case No. 08 CV 0356 J RBB electronically through the CM/ECF system for the Southern District of California on HAIGHT

1

BROWN & BONESTEEL, LLP, a registered user of the CM/ECF system which electronically notifies the following:

R. Bryan Martin, Attorney for Plaintiff Dakronics, Inc., bmartin@hbblaw.com.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED this 24th day of March 2008, at San Diego, California.

Jeannie Colburn

PROOF OF SERVICE